## MERCER *v.* STATE

[No. 195, September Term, 1960.]

*Decided April 4, 1961.*

The cause was argued before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

Submitted on brief by *Alvin Sellman,* for appellant.

*Robert C. Murphy, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris* and *Charles E. Moylan, Jr., State's Attorney* and *Assistant State's Attorney for Baltimore City,* respectively, on the brief, for appellee.

Per Curiam.

This is a companion case to *Eldridge v. State,* 225 Md. 10, 169 A. 2d 421.

It will be unnecessary to restate the facts. We summarized them in *Eldridge,* and this case was submitted to the court,

sitting without a jury, upon a stipulation, explicitly agreed to by the appellant and his counsel, that if certain of the witnesses who testified in *Eldridge* were present, they would testify in a particular manner. Then the substance of the testimony of the witnesses was stated in the stipulation, as the witnesses had given it at the trial of *Eldridge*. This stipulation included the testimony of nearly all of the witnesses who testified in that trial, and was supplemented by a statement made by the appellant to the police, which was substantially in accord with his testimony given at Eldridge's trial.

Upon this testimony, the court found the appellant guilty of manslaughter, and the sole question that we are called upon to answer is whether said testimony was sufficient to support the court's finding.

The main thrust of the appellant's argument is a claim that when one of several who are committing an assault upon a third person (and the appellant freely admitted that he and the other two intended to "beat" the deceased, or get their money) suddenly resorts to the use of a deadly weapon, without the knowledge, aid or consent of the others, the one who uses the deadly weapon is the only one who can be held responsible for the homicide, and the others are not responsible for any greater offense than that of assault. He cites the cases of *State v. May*, 43 S. W. 637 (Mo.), and *Bibby v. State*, 65 S. W. 193 (Tex. Crim. App.), in support of the proposition. He then contends that the evidence adduced by the State failed to show that he had any knowledge that Eldridge was going to use a knife upon the deceased, that he aided Eldridge in the use of the knife, or that he ever consented to Eldridge's using the same.

We shall assume without deciding, that his argument contains a correct exposition of the law upon the subject. However, that part of his contention which assumes that the evidence conclusively proved that Eldridge did the stabbing completely overlooks the dying declaration of the deceased, which specifically and unequivocally said that the appellant herein did the stabbing. There was nothing to prevent the trial court from believing the dying declaration. It is true that the State

tried the *Eldridge* case, *supra,* upon the theory that Eldridge had done the stabbing. This, however, did not establish as a fact that Eldridge did the actual stabbing—the jury might well have decided that the dying declaration was true, that the appellant herein did the stabbing, and that Eldridge was guilty as a principal in the perpetration of the crime. We do not deem it necessary to prolong the discussion unduly. The evidence was, we think, ample to support the trial court's finding of guilt.

Pursuant to Maryland Rules 828 (b) and 828 (i), the appellee moved to dismiss the appeal. The motion does not call for any elaborate discussion. The assistant Attorney General, following the customarily fair conduct of his office, frankly stated that he may have misled appellant's counsel in regard to what would be necessary for him to include in appellant's printed extract, and included, as an appendix to appellee's brief, sufficient parts of the record for a determination of the question presented by the appeal; hence the motion to dismiss will be denied.

*Motion to dismiss denied, and judgment affirmed.*